# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | |
|---|---|
| XIQIU ("BOB") FU, an individual, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | NO. 7:20-CV-257-DC |
| § | |
| GUO WENGUI (a/k/a MILES KWOK, a/k/a § | |
| WENGUI GUO, a/k/a MILES GUO, a/k/a HO § | |
| WAN KWOK), an individual; GTV MEDIA § | |
| GROUP, INC., a Delaware Corporation, SARACA § | |
| MEDIA GROUP, INC., a Delaware Corporation, § | |
| and VOICE OF GUO MEDIA, INC., a Delaware § | |
| Corporation; and LIHONG WEI LAFRENZ (a/k/a § | |
| SARA WEI) and DONGA FANG, individuals, § | |
| § | |
| Defendants. § | |

**DEFENDANTS GTV MEDIA GROUP, INC.'S AND SARACA MEDIA GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

                                                                                                                    **Page**

INTRODUCTION ................................................................................................................1

ARGUMENT .......................................................................................................................2

I.     Plaintiff Has Failed to Establish Personal Jurisdiction Over Defendants..........................2

       A.     Saraca Should Be Dismissed with Prejudice..........................................................2

       B.     There Is No Evidence Supporting Personal Jurisdiction Over GTV ......................2

II.    Plaintiff Fails to Show That the FAC States a Claim .........................................................7

       A.     Plaintiff Fails to Show That the FAC Satisfies Rule 8(a) ......................................7

       B.     Plaintiff Fails to Demonstrate That the FAC States a Plausible Claim for
              Defamation..............................................................................................................8

              1.     Plaintiff Fails to Identify False Assertions of Fact.....................................8

              2.     Plaintiff Misstates His Actual Malice Burden and Cannot Meet It
                    in Any Event ...............................................................................................9

       C.     Plaintiff Fails to Demonstrate That He Has Sufficiently Pleaded a Claim
              for Civil Conspiracy..............................................................................................10

CONCLUSION..................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alliantgroup, L.P. v. Feingold*,
　No. 12-CV-1429, 2012 WL 4485730 (S.D. Tex. Sept. 26, 2012) ............................................6

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ...............................................................................................................10

*Butowsky v. Gottlieb*,
　No. 19-CV-180 (ALM), 2020 WL 5757223 (E.D. Tex. Sept. 28, 2020) .................................6

*Calder v. Jones*,
　465 U.S. 783 (1984) .........................................................................................................3, 4, 5

*City of Keller v. Wilson*,
　168 S.W. 3d 802 (Tex. 2005) ...................................................................................................8

*Clemens v. McNamee*,
　615 F.3d 374 (5th Cir. 2010) ..........................................................................................1, 4, 6

*Corsi v. Infowars, LLC*,
　No. 20-CV-298 (AWA) (LY), 2021 WL 2115272 (W.D. Tex. May 25, 2021)
　(Austin, Mag. J.) ......................................................................................................................9

*Dallas Morning News, Inc. v. Tatum*,
　554 S.W.2d 614 (Tex. 2018) ....................................................................................................8

*Dixie Elec., LLC v. Jarwin*,
　No. 17-CV-066 (DC), 2018 WL 6252540 (W.D. Tex. Jan. 29, 2018) ...................................10

*Fielding v. Hubert Burda Media, Inc.*,
　415 F.3d 419 (5th Cir. 2005) ...........................................................................................3, 4, 6

*Head v. Las Vegas Sands, LLC*,
　298 F. Supp. 3d 963 (S.D. Tex. 2018) .....................................................................................3

*Herman v. Cataphora*,
　730 F.3d 460 (5th Cir. 2013) ...................................................................................................4

*Keeton v. Hustler Magazine, Inc.*,
　465 U.S. 770 (1984) .................................................................................................................3

*Kettles v. Petroleum Helicopters, Inc.*,
　95 F.3d 49, 1996 WL 457350 (5th Cir. 1996) ....................................................................9-10

```
```

*Lynch v. Cannatella*,
   810 F.2d 1363 (5th Cir. 1987) ...................................................................................... 10

*Mallett v. Timco Elec. Power & Controls, Inc.*,
   815 F. Supp. 992 (E.D. Tex. 1993) ................................................................................. 7

*Miller v. Fikes Wholesale, Inc.*,
   No. W-18-CV-00145-ADA, 2018 WL 9362298 (W.D. Tex. Oct. 11, 2018) ..................... 2

*O'Gara v. Binkley*,
   384 F. Supp. 3d 674 (N.D. Tex. 2019) ........................................................................... 9

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
   253 F.3d 865 (5th Cir. 2001) ....................................................................................... 3, 7

*Revell v. Lidov*,
   317 F.3d 467 (5th Cir. 2002) ....................................................................................... 3, 4

*S.C. v. Round Rock Indep. Sch. Dist.*,
   No. 19-CV-1177 (SH), 2020 WL 1446857 (W.D. Tex. Mar. 25, 2020) ........................... 2

*Southwest Offset, Inc. v. Hudco Publ'g Co.*,
   622 F.2d 149 (5th Cir. 1980) .......................................................................................... 6

*St. Amant v. Thompson*,
   390 U.S. 727 (1968) ....................................................................................................... 9

*Tellez v. Madrigal*,
   No. 15-CV-304 (KC), 2016 WL 11121115 (W.D. Tex. Sep. 19, 2016) .......................... 4

*Thomas v. Link Staffing*,
   No. 17-CV-3902, 2019 WL 497617 (S.D. Tex. Jan. 8, 2019), *report and
   recommendation adopted*, 2019 WL 480133 (S.D. Tex. Feb. 7, 2019) ................... 7-8

*Turner v. KTRK Television, Inc.*,
   38 S.W. 3d 103 (Tex. 2000) ........................................................................................... 8

*TV Azteca v. Ruiz*,
   490 S.W.3d 29 (Tex. 2016) ............................................................................................ 6

*Walden v. Fiore*,
   571 U.S. 277 (2014) ....................................................................................................... 4

*Walker v. Beaumont Ind. Sch. Dist.*,
   938 F.3d 724 (5th Cir. 2019) .......................................................................................... 9

*Willis v. Roche Biomedical Lab., Inc.*,
   61 F.3d 313 (5th Cir. 1995) .......................................................................................... 10

**Rules**

Fed. R. Civ. P. 8(a)..........................................................................................................7

Fed. R. Civ. P. 12(b)(2)....................................................................................................1

**Other Authorities**

1 Rodney A. Smolla, *Law of Defamation* §4.17 (2d ed. 2010) ......................................9

Defendants GTV Media Group, Inc. ("GTV") and Saraca Media Group, Inc. ("Saraca," with GTV, "Defendants") file this Reply in support of their Motion to Dismiss the First Amended Complaint (the "FAC") for lack of personal jurisdiction and failure to state a claim.  (ECF No. 61.)

## INTRODUCTION

In his Response in Partial Opposition to Defendants' Motion to Dismiss (the "Response"), Plaintiff concedes that there is no basis for this Court to exercise jurisdiction over Saraca and does not oppose dismissal of his claims against Saraca without prejudice under Rule 12(b)(2), provided he has the opportunity to "reassert" the claims when "jurisdictional ties become clearer." (Resp. at 17.)  But Plaintiff has provided no basis for jurisdictional discovery.  The Court should not entertain his fanciful claims that he will eventually be able to cure the jurisdictional defects in this case at some undefined time to come.  Saraca should be dismissed with prejudice.

Plaintiff's allegations against GTV are equally threadbare.  Plaintiff has abandoned any general jurisdiction argument and his basis for specific jurisdiction over GTV has been expressly rejected by the Fifth Circuit.  The mere fact that he lives and works in Texas and that one of the allegedly defamatory videos had "Midland, Texas" in its title falls far short of the facts needed to confer jurisdiction over GTV.  *Clemens v. McNamee*, 615 F.3d 374, 380 (5th Cir. 2010) (plaintiff must make affirmative showing that the allegedly defamatory material's "subject and sources" reflect an attempt by the defendant to target the state).  Unable to reconcile his jurisdictional argument with binding Fifth Circuit precedent, Plaintiff relies on a state court interpretation of federal minimum contacts analysis that already has been rejected by federal courts in Texas. There is simply no basis for Plaintiff's attempt to avoid the Fifth Circuit's "subject and sources" test and GTV, an out-of-state defendant, should not be dragged to Texas to defend this case.

Plaintiff fares no better at addressing the fatal flaws in his defamation and conspiracy causes of action. He cannot show that the allegedly defamatory commentary constitutes

assertions of fact, has not plausibly alleged actual malice, and fails to provide a single specific allegation that GTV worked in concert with anyone else. In lieu of the required factual allegations, the FAC is filled with hyperbole, vague group pleading, and bare legal conclusions. The FAC lacks sufficient factual basis to support the elements of Plaintiff's claims and should be dismissed with prejudice accordingly.

## ARGUMENT

### I. Plaintiff Has Failed to Establish Personal Jurisdiction Over Defendants

#### A. Saraca Should Be Dismissed with Prejudice

Plaintiff concedes that there is no basis for this Court to exercise jurisdiction over Saraca and that his claims against Saraca should be dismissed. The only issue is whether dismissal should be with or without prejudice. Plaintiff already has sought to amend his complaint twice and he has failed to allege any facts or even a theory for why this Court could exercise jurisdiction over Saraca, an entity that did not publish anything and has no contacts with Texas. Plaintiff cites no authority that supports dismissal without prejudice, nor does he seek leave to file a yet another amended complaint to address the deficiencies with respect to Saraca. Dismissal with prejudice is proper. *See, e.g.*, *Miller v. Fikes Wholesale, Inc.*, No. W-18-CV-00145-ADA, 2018 WL 9362298, at *3 (W.D. Tex. Oct. 11, 2018) (dismissing an amended complaint with prejudice because plaintiff already had an opportunity to cure pleading deficiencies).

#### B. There Is No Evidence Supporting Personal Jurisdiction Over GTV

Plaintiff makes no arguments in support of general jurisdiction over GTV and has thus abandoned the issue. *E.g.*, *S.C. v. Round Rock Indep. Sch. Dist.*, No. 19-CV-1177 (SH), 2020 WL 1446857, at *8 (W.D. Tex. Mar. 25, 2020) (arguments not raised in response to motion to dismiss are deemed abandoned). To try to establish specific jurisdiction, Plaintiff points only to

his conclusory allegations that GTV published the material at issue in this case, allegations that are belied by his own claims that defendant Voice of Guo Media, Inc. published the allegedly defamatory statements (FAC ¶ 23).  There are no allegations that GTV owns or operates any of the websites on which the allegedly defamatory commentary appeared.  This muddled, conclusory pleading does not come close to satisfying the Fifth Circuit's requirements for forcing an out-of-state defendant to defend defamation claims in federal court in Texas.  *See, e.g.*, *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (courts are not obligated to credit conclusory jurisdictional allegations, even if uncontroverted); *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 969 (S.D. Tex. 2018) (on a 12(b)(2) motion, "courts should not countenance vague, overgeneralized, or otherwise conclusory allegations").

      The Fifth Circuit recognizes *only two* tests under which a defamation plaintiff may establish specific personal jurisdiction over an out-of-state defendant: "(1) a publication with adequate circulation in the state, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 773–74 (1984), or (2) an author or publisher who 'aims' a story at the state knowing that the 'effects' of the story will be felt there.  *Calder v. Jones*, 465 U.S. 783, 789–90 (1984)." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 425 (5th Cir. 2005).  Plaintiff has not attempted to satisfy the *Keeton* test nor could he even if he had.  Mere availability of a publication on the Internet in a jurisdiction does not establish "circulation."  *E.g.*, *Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002) (jurisdiction lacking because publication on Columbia University website "was not directed at Texas readers as distinguished from readers in other states").

      Nor can Plaintiff satisfy the *Calder* test as applied by the Fifth Circuit.  The "aim" of the publication "under the *Calder* test must be demonstrated by showing that (1) the subject matter of and (2) the sources relied upon for the article were in the forum state." *Fielding*, 415 F.3d at

3

426 (citing *Revell*, 317 F.3d at 474).  Unable to meet this standard, Plaintiff tries to evade this clear and unambiguous precedent, stating merely that because he lives and works in Texas the allegedly defamatory material was "aimed" at Texas.  (*See* Resp. at 6.)  But the "fact that Plaintiff was injured in Texas is insufficient on its own to establish [GTV's] minimum contacts with Texas."  *Tellez v. Madrigal*, No. 15-CV-304 (KC), 2016 WL 11121115, at *8 (W.D. Tex. Sep. 19, 2016).  Moreover, actual knowledge of a plaintiff's forum ties does not establish specific jurisdiction.  *See Clemens*, 615 F.3d at 380 (no personal jurisdiction in relation to article published on *Sports Illustrated*'s website even though defendant had traveled to Texas 35 times to work with plaintiff); *Herman v. Cataphora*, 730 F.3d 460, 465-66 (5th Cir. 2013).  The inquiry is based on the defendant's ties to the jurisdiction and the defendant's ties alone, not the plaintiff's. *See Walden v. Fiore*, 571 U.S. 277, 287 (2014) ("The crux of *Calder* was that the reputation-based 'effects' of the alleged libel connected the defendants to California, not just to the plaintiff.").

Plaintiff's suggestion that the Court should "superimpose the facts of this case onto the Supreme Court's holding in *Calder* to come to the exact same conclusion" (Resp. at 6.) must be rejected.  First, *Calder* must be viewed in context with the Supreme Court's later decision in *Walden*, which has limited *Calder*'s reach.  *See Walden*, 571 U.S. at 287-88 (fact that plaintiff felt alleged injury in state of residence is not enough to establish jurisdiction; the relevant "effects" are only those that defendant intentionally directed at the state itself). Further, *Calder* is readily distinguishable.  *Calder* involved defamation claims by a California resident against the *National Enquirer*.  The Supreme Court concluded that personal jurisdiction existed in that case because, among other things, the *Enquirer* had a circulation of 600,000 copies in California, "almost twice the level of the next highest state," *Calder*, 465 U.S. at 785; at least one defendant was a reporter who regularly traveled to California and telephoned sources in California, *id.* at

4

785-86; and "[t]he allegedly libelous story concerned the California activities of a California resident," *id.* at 788.  Here, there are no allegations that the websites purportedly used by GTV have an especially large audience in Texas or that GTV visited Texas, or conducted any research or interviews in Texas in connection with the allegedly defamatory commentary.  The allegedly defamatory material, moreover, does not concern Texas, but rather a matter of national and international public concern—Plaintiff's ties to the CCP—which, by definition, cannot be based solely on Texas activities.  Indeed, Plaintiff admits as much: he boasts that he "is a guest editor for Chinese Law and Government, a journal published by UCLA" (FAC ¶ 13) and that he currently serves as a fellow and Task Force member at Washington, D.C.-based think tanks the Family Research Council, the Institute on Religion and Democracy, and the Heritage Foundation (*id.*).  Moreover, "in carrying out ChinaAid's mission," Plaintiff claims to have "testified numerous times before governmental bodies" in Washington, D.C., the United Kingdom, the Netherlands, the European Union, and Taiwan, as well as before the United Nations.  (*Id.* ¶ 14.)  Additionally, ChinaAid's own mission statement describes itself as "an international non-profit Christian human rights organization committed to promoting religious freedom and the rule of law in China."[1]  Plaintiff's activities clearly reach well beyond Midland, Texas and the Court cannot simply graft the facts here onto the holding of *Calder* as Plaintiff suggests.

    Plaintiff's request to substitute a state court's interpretation of federal minimum contacts analysis for clear Fifth Circuit precedent also must be rejected.  Indeed, at least one federal court has already rejected a defamation plaintiff's reliance on the federal minimum contacts interpretation of *TV Azteca v. Ruiz*, 490 S.W.3d 29 (Tex. 2016).  *See Butowsky v. Gottlieb*, No. 19-CV-180 (ALM), 2020 WL 5757223, at *4 (E.D. Tex. Sept. 28, 2020); *see also Southwest Offset, Inc. v.*

---

[1] ChinaAid, *Our Mission*, http://chinaaid.org/p/the-mission.html (last visited June 20, 2021).

5

*Hudco Publ'g Co.*, 622 F.2d 149, 152 (5th Cir. 1980) (Texas Supreme Court's minimum contacts analysis is not binding on federal court because "federal courts are not bound by state court determinations of what the Constitution requires").

It is not surprising that Plaintiff attempts to avoid the "subject and sources" test because he cannot show that the commentary at issue was directed at a Texas audience as distinguished from a general audience. Instead, Plaintiff seemingly contends that because one of the videos that contained allegedly defamatory caricatures had "Midland, Texas" in its title, the "subject" prong of the "subject and sources" test has been satisfied. (Resp. at 7-8.) But the "subject" of the test concerns where the activities described in the allegedly defamatory material took place. *See Clemens*, 615 F.3d at 380. Here, those activities are Plaintiff's ties to the Chinese government, including that Plaintiff taught at a CCP school in China (FAC ¶ 117), which necessarily go beyond the confines of Midland. Although GTV is not alleged to have published the video, Plaintiff further contends that because a purported screenshot of the video shows a protestor holding a sign, GTV relied on Texas sources. (Resp. at 8.) Even if GTV were alleged to have published the livestream in question, the protestor shown is by no means a "source" for the allegedly defamatory commentary. The "source" of "subject and sources" test refers to the means by which a defendant documented the allegedly defamatory statements. *See, e.g.*, *Fielding*, 415 F.3d at 426 ("While [defendant] acknowledges the use of Texas sources in conducting research for these articles, the clear thrust of the articles … shows the marginal importance of Texas to this research."); *cf.*, *Alliantgroup, L.P. v. Feingold*, 2012 WL 4485730, at *3 (finding jurisdiction where, in addition to using Texas-targeted websites, defendant explicitly referenced Harris County, Texas public records as sources for his statements). Plaintiff has not shown—and cannot show—that GTV relied on Texas sources for the allegedly defamatory commentary that VoG published.

6

Nor can Plaintiff show a nexus between GTV's nonexistent contacts with the forum and his defamation and conspiracy causes of action. In claiming that his claims arise from GTV's purported contacts with Texas, Plaintiff chides GTV for "ignoring" an allegation that did not appear in the FAC. (Resp. at 8.) He claims "it was clear from the context of the FAC" (*id.*) that his allegation regarding defendant Voice of Guo Media, Inc.'s use of "multiple media platforms" to feature allegedly defamatory content (FAC ¶ 23) actually referred to GTV and not VoG. But GTV cannot be put to the burden of reading Plaintiff's mind, particularly where he has already amended his deficient complaint. In any event, this new allegation is, like the others, entirely conclusory and cannot support jurisdiction. *See Panda Brandywine Corp.*, 253 F.3d at 869.[2]

## II. Plaintiff Fails to Show That the FAC States a Claim

### A. Plaintiff Fails to Show That the FAC Satisfies Rule 8(a)

In contending that the FAC satisfies Rule 8(a), Plaintiff cites only one case, *Mallett v. Timco Elec. Power & Controls, Inc.*, 815 F. Supp. 992 (E.D. Tex. 1993), for the proposition that he is not required to plead every element of every claim. *Mallett*, however, also reiterates the rule that "a defendant must receive adequate notice of Plaintiff's claims to allow a response or a defense." *Id.* at 993. As discussed above, GTV has not received that notice from the FAC. Rather, GTV has been forced to mindread and wade through a miasma of vague and conclusory allegations that improperly lump all the defendants together in each cause of action. The causes of action for which Plaintiff alleges that GTV is purportedly liable have only been explained in the Response, and even then only by omission. Rule 8(a) does not permit a defendant to be subjected to such constantly shifting sands and general incoherence. *See, e.g.*, *Thomas v. Link Staffing*, No. 17-CV-

---

[2] If leave is granted for Plaintiff to file his Second Amended Complaint, GTV will have additional jurisdictional arguments and a defense based on section 230 of the Communications Decency Act that will be addressed in a forthcoming motion to dismiss.

7

3902, 2019 WL 497617, at *6 (S.D. Tex. Jan. 8, 2019), *report and recommendation adopted*, 2019 WL 480133 (S.D. Tex. Feb. 7, 2019) (dismissing "rambling, incoherent" complaint).

### B. Plaintiff Fails to Demonstrate That the FAC States a Plausible Claim for Defamation

#### 1. Plaintiff Fails to Identify False Assertions of Fact

Plaintiff correctly recognizes that an "allegedly defamatory publication should be construed as a whole in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it." *Turner v. KTRK Television, Inc.*, 38 S.W. 3d 103, 114 (Tex. 2000); *see also Dallas Morning News, Inc. v. Tatum*, 554 S.W.2d 614, 639 (Tex. 2018) (citation omitted) ("even when a statement is verifiable as false, it does not give rise to liability if the entire context in which it was made discloses that it is merely an opinion masquerading as fact"). But he then proceeds to argue the exact opposite by contending that "the defamatory labels embedded within many of the caricatures" should be separated from the caricatures themselves. (Resp. at 12.) Plaintiff then compounds his error by asserting that GTV "utterly ignores labels such as 'disguised CCP spy,' 'human trafficker,' and 'money launderer,'" yet these phrases are not captions in any of the caricatures, are not alleged to have been published by GTV, and, in fact, the "labels" "human trafficker" and "money launderer" do not appear anywhere in the commentary Plaintiff alleges to be defamatory.[3] When properly viewed as a whole—"including accompanying statements, headlines, pictures," *City of Keller v. Wilson*, 168 S.W. 3d 802, 811 (Tex. 2005)—an ordinary viewer could not have reasonably inferred the caricatures to represent actual facts.

Plaintiff also cannot establish that the allegedly defamatory commentary is factual in nature by asserting through counsel (and not based on the allegations in the FAC) that protestors

---

[3] Plaintiff's attempt to "impute upon GTV any defamatory statements made by Defendant Guo" (Resp. at 11) based on his civil conspiracy claim should be rejected as his single allegation regarding GTV and the purported conspiracy is wholly conclusory. *See* Point II. C *infra*.

8

traveled to Midland and held signs containing similar rhetoric. (*See* Resp. at 13, 14-15.) Mere parroting of the allegedly defamatory commentary does not somehow render it factual. And, in any event, the "appropriate inquiry is objective, not subjective," 1 Rodney A. Smolla, *Law of Defamation* §4.17 (2d ed. 2010), so it is irrelevant how the protestors interpreted the commentary. Viewed through the eyes of a reasonable person, the allegedly defamatory commentary is, without doubt, rhetorical, not factual.

### 2. Plaintiff Misstates His Actual Malice Burden and Cannot Meet It

Plaintiff does not dispute that he is a public figure. (Resp. at 15.) As such, he must adequately plead actual malice. While Plaintiff is correct that actual malice is a subjective standard (*id.*), his assertion that this "inquiry requires, at minimum, appropriate discovery" is wrong. Courts in the Fifth Circuit routinely dispose of defamation cases for failure to plead actual malice on motions to dismiss. *E.g.*, *Walker v. Beaumont Ind. Sch. Dist.*, 938 F.3d 724, 744-45 (5th Cir. 2019); *O'Gara v. Binkley*, 384 F. Supp. 3d 674, 692 (N.D. Tex. 2019); *Corsi v. Infowars, LLC*, No. 20-CV-298 (AWA) (LY), 2021 WL 2115272, at *6 (W.D. Tex. May 25, 2021) (Austin, Mag. J.). At this stage, the actual malice standard requires pleaded facts that would support a finding by clear and convincing evidence that the defendant "in fact entertained serious doubts as to the truth of his publication." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). The FAC contains no allegations that lead to a reasonable inference that Plaintiff acted with reckless disregard to the truth. Instead, Plaintiff asserts that "[g]iven the widely available information about Pastor Fu's life and work, GTV must have known the probable falsity of his [sic] accusation that Pastor Fu is a 'CCP spy.'" (Resp. at 15.) Plaintiff's speculation that GTV "*must have known* the probable falsity" at best conflates negligence with actual malice and comes nowhere near raising a reasonable inference that GTV actually "entertained serious doubts as to the truth" of the allegedly defamatory commentary. *See Kettles v. Petroleum Helicopters, Inc.*, 95

9

F.3d 49, 1996 WL 457350, at *4 (5th Cir. 1996) (speculation about what defendants "must have known" not sufficient to show actual malice); *Willis v. Roche Biomedical Lab., Inc.*, 61 F.3d 313, 317 (5th Cir. 1995) (mere fact that a statement is false is not evidence of actual malice).

### C.     Plaintiff Fails to Sufficiently Plead a Claim for Civil Conspiracy

Plaintiff defends his conspiracy claim by pointing to one allegation: FAC ¶ 94, which states, "Defendant Guo also conspired with GTV Media Group, Inc. to post additional defamatory content online." But "[b]ald allegations that a conspiracy existed are insufficient." *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). Plaintiff has not even attempted to allege that the supposed co-conspirators sought to accomplish a course of action, that there was a meeting of the minds as to the objective, or when, why, and how they agreed to a common objective. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007) ("the complaint here furnishes no clue as to which of the [defendants] (much less which of their employees) supposedly agreed, or when and where the illicit agreement took place. . . . [A] defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin"). Plaintiff's reliance on this Court's decision in *Dixie Elec., LLC v. Jarwin*, No. 17-CV-066 (DC), 2018 WL 6252540 (W.D. Tex. Jan. 29, 2018), is of no help. There, this Court found that allegations that defendant and his employer "strategized and colluded with each other to tortiously interfere with [plaintiff's] existing and prospective business relations in order to unlawfully and unfairly compete against Dixie" provided the requisite "factual enhancement" to state a plausible claim for civil conspiracy. There are no such allegations here and the FAC does not provide any "factual enhancement." Plaintiff's civil conspiracy claim must therefore be dismissed.

### CONCLUSION

For all of the reasons set forth above and in Saraca's and GTV's opening papers, the Court lacks personal jurisdiction over Defendants and the FAC fails to state a claim upon which relief may be granted. The Court should dismiss all claims against them.

Dated: June 25, 2021                      Respectfully submitted,

                                                      BAKER & HOSTETLER LLP

                                                     By:   */s/ L. David Anderson*
                                                          L. David Anderson
                                                          Lead Counsel
                                                          Texas State Bar No. 00796126
                                                          danderson@bakerlaw.com
                                                          2850 North Hardwood Street
                                                          Suite 1100
                                                          Dallas, TX  75201-2640
                                                          Telephone:   214.210.1200
                                                          Facsimile:    214.210.1201

                                                          ***ATTORNEYS FOR DEFENDANTS GTV MEDIA GROUP, INC. AND SARACA MEDIA GROUP, INC.***

## CERTIFICATE OF SERVICE

     Pursuant to the Federal Rules of Civil Procedure, the undersigned attorney of record certifies that a copy of the foregoing instrument was served upon all counsel of record via the Court's electronic filing system on June 25, 2021.

                                                           */s/ L. David Anderson*
                                                           L. David Anderson